UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 APR -2  P 2: 03

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Wallace Shelton Grant, # 265923, | ) C/A No. 9:08-1048-SB-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation<br>) for<br>) ***Partial*** Summary Dismissal |
| Florence County Sheriff Department;<br>Florence County Detention Center; and<br>Captain Brunson, | ) |
| Defendants. | ) |

### *Background of this Case*

The plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections. The plaintiff has brought suit against the Florence County Sheriff's Department, the Florence County Detention Center, and a Captain at the Florence County Detention Center for alleged violations of his constitutional rights with respect to the practice of the plaintiff's religion (Islam) while the plaintiff was confined there. The plaintiff alleges that the detention center served pork to him, did not accommodate his request for evening meals only (during Ramadan), did not allow him to have worship services on Fridays, and did not allow him to have Islamic literature. In his prayer for relief, the plaintiff seeks $250,000 for violation of his religious beliefs and

1

$1,000,000 in punitive damages. In a separately-filed order, the undersigned is authorizing service of process upon Captain Brunson.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Florence County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Florence County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

The Florence County Sheriff's Department is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-1191 (D.S.C. 1981) (County cannot be held

3

liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the Florence County Detention Center and the Florence County Sheriff's Department from the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

April 2, 2008  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5